UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JEAN FRANCOIS DAMON and<br>JACQUELINE DAMON,<br><br>                    Plaintiffs,<br><br>v.<br><br>DANIEL GROTEBOER,<br>MERL GROTEBOER, RE/MAX OF<br>ROCHESTER, NORTHWEST<br>EXECUTIVES BROKERAGE, INC.,<br>COMPARK, LCC, COMPARK 6-2, LLC,<br>LOWELL PENZ, BRYAN SCHOEPPNER,<br>JOHN WADE, EDWARD LUNN, ALAN<br>SCHAFER, JOEL ALBERTS a/k/a Joel<br>Albert, JOEL S. LARSON, JEFFREY L.<br>BIGLER a/k/a Jeff L. Bigler, KENNETH<br>NASH, M&L PARTNERSHIP, TJ HALEY,<br>LLC, 4 TP, LLC, JADCO PROPERTIES, *a<br>Minnesota General Partnership*, JADCO<br>PROPERTIES, LLC, SLB SERVICES, LLC,<br>and DOES 1-10,<br><br>                    Defendants. | Civil No. 10-92 (JRT/FLN)<br><br><br><br>**MEMORANDUM OPINION AND<br>ORDER AFFIRMING ORDER OF<br>THE MAGISTRATE JUDGE ON<br>MOTION TO AMEND PRETRIAL<br>SCHEDULING ORDER, TO<br>AMEND THE COMPLAINT, AND<br>TO COMPEL DISCOVERY** |

Steven J. Weintraut, **SIEGEL BRILL, PA**, 100 Washington Avenue South, Suite 1300, Minneapolis, MN 55401, for plaintiffs.

Christopher P. Renz, Nathan J. Knoernschild, and Sarah B. Bennett, **THOMSEN & NYBECK, PA**, 3600 American Boulevard West, Suite 400, Bloomington, MN 55431, for defendants Daniel Groteboer, Merl Groteboer, RE/MAX of Rochester, and Northwest Executives Brokerage Inc.

Sten-Erik Hoidal, Ted C. Koshiol, and Todd A. Wind, **FREDRIKSON & BYRON, PA**, 200 South Sixth Street, Suite 4000, Minneapolis, MN 55402-1425, for defendants Compark, LLC, Compark 6-2, LLC, Lowell Penz, Bryan Schoeppner, John Wade, Edward Lunn, Alan Schafer, Joel Alberts, Joel S. Larson, Jeffrey L. Bigler, Kenneth Nash, M&L Partnership,

TJ Haley, LLC, 4 TP, LLC, Jadco Properties, Jadco Properties, LLC, and SLB Services, LLC.

Plaintiffs Jean Francois Damon and Jacqueline Damon's claims arise out of a commercial real estate purchase in 2005. The Damons filed their complaint on January 11, 2010, alleging breach of fiduciary duties, fraud, and many other claims against their real estate agents (Daniel Groteboer, Merl Groteboer, RE/MAX of Rochester, Northwest Executives Brokerage Inc. (collectively, the "Real Estate Agent Defendants")) and the sellers of the real estate (Compark, LLC, Compark 6-2, LLC, and the fourteen members of Compark, LLC (collectively, the "Compark Defendants")). The matter is currently before the Court on the Damons' objections to a July 5, 2012 order issued by United States Magistrate Judge Franklin L. Noel,[1] which granted in part and denied in part the Damons' motion to amend their complaint and compel further discovery. Because the Magistrate Judge's finding that allowing the Damons to bring a new claim at a late stage in the action would cause undue delay was not clearly erroneous or contrary to law, the Court will overrule the Damons' objections and affirm the Magistrate Judge's order.

**BACKGROUND**

The initial pretrial scheduling order set a deadline of September 1, 2010, for motions to amend pleadings. (Pretrial Schedule, Apr. 22, 2010, Docket No. 31.) The

---

[1] Plaintiffs' Memorandum in Support of Their Two Rule 72(a) Objections to the Court's July 5, 2012 Order exceeded without permission the word limit in LR 72.2(d)(1), and erroneously cited LR 7.1(c) in the Word Count Compliance Certificate. The Court cautions plaintiffs to adhere to the rule.

Magistrate Judge subsequently adopted several stipulations by the parties to extend the deadlines in the pretrial scheduling order. (*See* Docket Nos. 56, 74, 82, 85, 94.) The latest pretrial scheduling order set February 29, 2012, for the conclusion of fact discovery and October 1, 2012, as the trial-ready date. (Order, Jan. 6, 2012, Docket No. 94.) Not counting the motion to amend that is currently before the Court, the Damons have amended their Complaint twice – once with Defendants' consent (*see* Order Granting Stipulation, Feb. 2, 2010, Docket No. 5) and once with leave from the Magistrate Judge (*see* Order and Report and Recommendation, Sept. 27, 2010, Docket No. 57).

On May 22, 2012, after the conclusion of discovery, the Damons moved to amend their complaint for the third time. (Pl.'s Mots., Docket No. 112.) The Damons sought leave to add a sixteenth claim to their complaint. Specifically, the Damons sought a declaratory judgment that a purchase agreement was null and void because it was not accepted by sellers prior to its deadline, which would entitle the Damons to rescind their purchase.[2] Seven of the fifteen claims already included in the complaint purportedly entitle the Damons to rescission of their purchase. (Third Am. Compl. ¶¶ 89, 103, 108, 142, 148, 152, 162, July 10, 2012, Docket No. 126.)

---

[2] The Damons also sought to add factual allegations to their Complaint and sought a motion to compel additional discovery.

## ANALYSIS

I. **STANDARD OF REVIEW**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). However, the Court reviews *de novo* a Magistrate Judge's determination that an amended pleading would be futile. *See, e.g.*, *Am. Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 977 (D. Minn. 2009); *cf. In re NVE Corp. Sec. Litig.*, 527 F.3d 749, 752 (8th Cir. 2008) ("We ordinarily review the denial of leave to amend a complaint for abuse of discretion, but when the district court denies leave on the basis of futility we review the underlying legal conclusions de novo.").

II. **DENIAL OF LEAVE TO AMEND**

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend should be denied where there are "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Hammer v. City of Osage Beach, MO*, 318 F.3d 832, 844 (8th Cir. 2003) (internal quotation marks omitted). "In most cases, delay alone is insufficient justification; prejudice to the nonmovant must also be shown." *Moses.com*

*Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (internal quotation marks omitted).

In the present case, the Magistrate Judge found that "[t]o add an additional count at this point in litigation, with the case ready for trial on October 1, 2012, would cause undue delay." (Order at 3.)  The Magistrate Judge did not explicitly address whether allowing leave to amend would prejudice Defendants, but the Damons acknowledge that the amendment might, at minimum, require Defendants to issue supplemental or amended expert reports.  (Pl.'s Memo. in Support at 14, July 19, 2012, Docket No. 128.) The Magistrate Judge did note that the Damons' other claims entitle them to the same relief as their proposed declaratory judgment claim, which seemed to influence the Magistrate Judge's determination of whether "justice so require[d]" leave to amend.  (*Id.*)

The Court will not disturb the Magistrate Judge's July 5 order.  Although the extent to which the proposed amendment would prejudice Defendants is disputed, the Court concludes that the Magistrate Judge's finding of undue delay was not clearly erroneous or contrary to law.  The original deadline to amend pleadings in the present case was September 1, 2010, the Damons amended their Complaint twice prior to seeking leave to amend again on May 22, 2012, and discovery was closed when the Damons moved to amend their complaint for the third time.  It was not clearly erroneous for the Magistrate Judge to deny the Damons' attempt to add a claim mere months before the trial ready date.[3]  *See, e.g.*, *Deutsche Fin. Servs. Corp. v. BCS Ins. Co.*, 299 F.3d 692, 700

---

[3] In addition to finding that leave to amend would cause undue delay, the Magistrate Judge concluded that leave to amend was not warranted because the declaratory judgment claim

(Footnote continued on next page.)

(8th Cir. 2002) (affirming district court's denial of leave to amend where "almost a year had passed since the deadline for amending claims," "extensive discovery had been conducted and had closed," and "dispositive motions had been filed and were pending before the court").

### III.   DENIAL OF MOTION TO COMPEL DISCOVERY

The Damons also appeal the Magistrate Judge's denial of their motion to compel Dan Groteboer for a continuation of the Federal Rule of Civil Procedure 30(b)(6) deposition of Compark, LLC and Compark 6-2, LLC.  The purpose of the motion to compel was to discover additional information in support of the proposed declaratory judgment claim.  Because the Court has already found that the Magistrate Judge's denial of leave to amend was not clearly erroneous or contrary to law, it follows that that Magistrate Judge's denial of the motion to compel discovery relating to the proposed declaratory judgment claim was not clearly erroneous or contrary to law.[4]

_____
(Footnote continued.)

would be futile.  Because the Court finds that the Magistrate Judge's finding of undue delay was not clearly erroneous or contrary to law, the Court need not analyze the Magistrate Judge's conclusion that the proposed amendment would be futile.

[4] The Real Estate Agent Defendants ask the Court to sua sponte reverse the portion of the Magistrate Judge's July 5 order that allowed the Damons to amend their complaint with new factual allegations.  They contend that the Magistrate Judge's order was internally inconsistent because it did not allow the Damons to bring a declaratory judgment claim, but allowed the Damons to add factual allegations to the complaint that relate to the proposed declaratory judgment claim.  The Court has reviewed the amendments and finds that none of the new factual allegations relate exclusively to the declaratory judgment claim.  Therefore, the Court will decline to sua sponte disturb the Magistrate Judge's order.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' objections [Docket No. 127] are **OVERRULED** and the order of the Magistrate Judge dated July 5, 2012 [Docket No. 125] is **AFFIRMED**.

DATED: January 3, 2013            ____s/ John R. Tunheim____
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                                          United States District Judge